**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Shawndell Quintel McClenton, Appellant

Appellate Case No. 2014-000978

———————

Appeal From Charleston County
Clifton Newman, Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-306
Heard March 8, 2016 – Filed June 22, 2016

———————

**AFFIRMED**

———————

Joshua Brent Raffini, of Pruitt & Pruitt, of Anderson; and
Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior
Assistant Deputy Attorney General John Benjamin Aplin,
Assistant Attorney General Mark Reynolds Farthing,
Captain Mary Williams Leddon, all of Columbia; and
Solicitor Scarlett Anne Wilson, of Charleston, for
Respondent.

———————

**PER CURIAM:**  Shawndell Quintel McClenton was convicted of two counts of first-degree burglary and one count of breaking and entering a motor vehicle. McClenton raises two issues on appeal:  (1) Whether the trial court erred in denying his motion for directed verdict on the first-degree burglary charges because there was no direct or substantial circumstantial evidence he entered either residence during nighttime hours and (2) whether the trial court erred in admitting an unreliable identification based upon an unnecessarily suggestive procedure and circumstances that created a substantial risk of misidentification.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the trial court erred in denying his motion for a directed verdict on the first-degree burglary charges:  *State v. Weston*, 367 S.C. 279, 292, 625 S.E.2d 641, 648 (2006) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *id.* ("When reviewing a denial of a directed verdict, [the appellate court] views the evidence and all reasonable inferences in the light most favorable to the state."); *id.* at 292-93, 625 S.E.2d at 648 ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, the [appellate court] must find the case was properly submitted to the jury."); *State v. Bennett*, 415 S.C. 232, 237, 781 S.E.2d 352, 354 (2016) ("[A]lthough the *jury* must consider alternative hypotheses, the *court* must concern itself solely with the existence or non-existence of evidence from which a jury could reasonably infer guilt."); *id.* at 236, 781 S.E.2d at 354 ("[A] court is not required to find that the evidence infers guilt to the exclusion of any other reasonable hypothesis."); S.C. Code Ann. § 16-11-311(A)(3) (2015) ("A person is guilty of burglary in the first degree if the person enters a dwelling without consent and with intent to commit a crime in the dwelling, and . . . the entering or remaining occurs in the nighttime.").

2.      As to whether the trial court erred in admitting identification evidence:  *State v. Moore*, 343 S.C. 282, 288, 540 S.E.2d 445, 448 (2000) ("Generally, the decision to admit an eyewitness identification is at the trial judge's discretion and will not be disturbed on appeal absent an abuse of such, or the commission of prejudicial legal error."); *Gibbs v. State*, 403 S.C. 484, 494, 744 S.E.2d 170, 175 (2013) (holding although single person show-ups are considered inherently suggestive and are disfavored in the law, they have been deemed proper when the show-up identification occurs shortly after the alleged crime, it is near the scene of the crime, the witness's memory is still fresh, the suspect has not had time to alter his looks or dispose of evidence, and the show-up might serve to expedite the release of innocent suspects and enable the police to determine whether to continue

searching for a suspect); *id.* (noting suggestiveness alone will not mandate the exclusion of identification evidence, as reliability is the linchpin in determining its admissibility, and holding an identification need not be excluded as long as under the totality of circumstances the identification was reliable notwithstanding any suggestive procedure); *Moore*, 343 S.C. at 289, 540 S.E.2d at 448-49 (holding in determining whether an identification is reliable under the totality of the circumstances, the following factors are to be considered:  (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the amount of time between the crime and the confrontation).

**AFFIRMED.**

**HUFF, KONDUROS, and GEATHERS, JJ., concur.**